## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| THREATHERE L. WALKER,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security<br>Administration,<br><br>　　　　　Defendant. | Case No. 2:13-cv-02115-GMN-CWH<br><br>**REPORT AND RECOMMENDATION** |

## **INTRODUCTION**

This case involves judicial review of an administrative action by the Commissioner of Social Security ("defendant") denying Plaintiff Threathere L. Walker's ("plaintiff") application for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act. Before the Court is plaintiff's Motion for Reversal or Remand (doc. # 16), filed March 24, 2014, and defendant's Response and Cross-Motion to Affirm (docs. # 17, # 18),[1] filed April 23, 2014. Plaintiff did not file a Reply. This action was referred to the undersigned magistrate judge for a report of findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) and Local Rule IB 1-4.

## **BACKGROUND**

Plaintiff applied for disability insurance benefits and supplemental security income on October 20, 2010 and January 27, 2012, respectively, alleging an onset date of January 28, 2010. AR[2] 150-51, 155-63, 169, 173. Plaintiff's claim was denied initially on February 2, 2011, and upon reconsideration on June 6, 2011. AR 103-07, 109-12. A hearing was held before an Administrative Law Judge ("ALJ") on March 19, 2012. AR 39-92. On June 28, 2012, the ALJ issued a decision finding plaintiff was not

---

[1] Defendant filed both an opposition to plaintiff's motion and a cross-motion to affirm. See Docs. # 17, 18. This Court's review of these two documents reveals that the arguments presented are identical. Therefore, this Court refers only to defendant's cross-motion, doc. # 17, even though an identical argument is presented in defendant's opposition, doc. # 18.

[2] AR refers to the administrative record lodged with this Court. See Doc. # 13.

disabled from January 28, 2010, through the date of the decision. AR 22-34. Thereafter, the Appeals Council denied plaintiff's request for review, rendering the ALJ's decision final.[3] AR 10-15. Plaintiff, on November 15, 2013, commenced the instant action for judicial review pursuant to 42 U.S.C. §§ 405(g) and 1383(c). See Doc. # 1.

**DISCUSSION**

**1.    Legal Standards**

   **a.    Judicial Standard of Review**

The court reviews administrative decisions in social security disability benefits cases under 42 U.S.C. § 405(g). Section 405(g) states that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides." Akopyan v. Barnhart, 296 F.3d 852, 854 (9th Cir. 2002). The court may enter, "upon the pleadings and transcripts of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing." Id. The Ninth Circuit reviews de novo a decision issued by a district court in such cases. Batson v. Commissioner, 359 F.3d 1190, 1193 (9th Cir. 2003).

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g); Ukolov v. Barnhart, 420 F.3d 1002 (9th Cir. 2005). However, these findings may be set aside if they are based on legal error or not supported by substantial evidence. See Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1052 (9th Cir. 2006); see also Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). Substantial evidence is "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." See Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995); see also Bayliss v. Barnhart, 427 F.3d 1211, 1214 n. 1 (9th Cir. 2005). In determining whether the Commissioner's findings are supported by substantial evidence, a court reviews "the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998); see also Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996). The Commissioner's findings must be upheld if supported by inferences reasonably drawn from the record. Batson, 359 F.3d at 1193.

---

[4] The ALJ's decision becomes the final administrative decision of defendant.

When the evidence supports more than one rational interpretation, a court must defer to the Commissioner's interpretation. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005); see also Flaten v. Sec'y of Health and Human Serv., 44 F.3d 1453, 1457 (9th Cir. 1995). Consequently, the issue is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence.

It is incumbent on the ALJ to make specific findings so the court does not speculate as to the basis of the findings when reviewing the Commissioner's decision. Mere cursory findings of fact without explicit statements as to what portions of the evidence were accepted or rejected are not sufficient. Lewin v. Schweiker, 654 F.2d 631, 634 (9th Cir. 1981). The ALJ's findings "should be as comprehensive and analytical as feasible, and where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based." Id.

**b.    Disability Evaluation Process**

An individual seeking disability benefits has the initial burden of proving disability. See Roberts v. Shalala, 66 F.3d 179, 182 (9th Cir. 1995). An individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." See 42 U.S.C. § 423(d)(1)(A). The individual must provide "specific medical evidence" in support of the claim for disability. 20 C.F.R. § 404.1514. If the individual establishes an inability to perform prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. Batson, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. See 20 C.F.R. §§ 404.1520 and 416.920; see also Bowen v. Yuckert, 482 U.S. 137, 140 (1987). If at any step the ALJ determines that he or she can make a finding of disability or nondisability, a determination will be made and no further evaluation is required. See 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4); see also Barnhart v. Thomas, 540 U.S. 20, 24 (2003). The first step requires the ALJ to determine whether the individual is currently engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(b) and 416.920(b). Substantial gainful activity is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit. 20 C.F.R.

§§ 404.1572(a)-(b) and 416.972(a)-(b). If the individual is currently engaging in substantial gainful activity, then a finding of not disabled is made. If the individual is not engaging in substantial gainful activity, then the analysis proceeds to step two.

The second step addresses whether the individual has a medically determinable impairment, or combination of impairments, that is severe and significantly limits performance of basic work activities. 20 C.F.R. §§ 404.1520(c) and 416.920(c). An impairment or combination of impairments is not severe when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. See 20 C.F.R. §§ 404.1521 and 416.921; Social Security Rulings ("SSR") 85-28, 96-3p, and 96-4p.[4] If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to step three.

The third step requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appedix 1. See 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926). If the individual's impairment or combination of impairments meet or equal the criteria of a listing and meet the duration requirement (20 C.F.R. §§ 404.1509 and 416.909), then a finding of disabled is made. 20 C.F.R. §§ 404.1520(h) and 416.920(h). If the individual's impairment, or combination of impairments, does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to step four, but, before moving to step four, the ALJ must first determine the individual's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e) and 416.920(e).

The RFC is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. See SSR 96-8p. In determining the RFC, an ALJ must consider all relevant evidence, including all symptoms and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. §§ 404.1529 and 416.929; SSR 96-4p and 96-7p. To the extent that statements

---

[3] An SSR constitutes the Social Security Administration's official interpretation of the statute and its regulations. See Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1224 (9th Cir. 2009); see also 20 C.F.R. § 402.35(b)(1). An SSR is entitled to some deference as long as it is consistent with the Social Security Act and regulations. Bray, 554 F.3d at 1223 (finding ALJ erred in disregarding SSR 82-41).

4

about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, an ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case record. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. §§ 404.1527 and 416.927, and SSRs 96-2p, 96-5p, 96-6p, and 06-3p.

At step four, the ALJ must determine whether the individual has the RFC to perform past relevant work, which means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last fifteen years or fifteen years prior to the date that disability must be established. See 20 C.F.R. §§ 404.1520(f) and 416.920(f). In addition, the work must have lasted long enough for the individual to learn the job and performed as substantial gainful activity. 20 C.F.R. §§ 404.1560(b), 404.1565, 416.960(b), and 416.965. If the individual has the RFC to perform his past work, then a finding of not disabled is made. If the individual is unable to perform any past relevant work or does not have any, then the analysis proceeds to step five.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering his RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g) and 416.920(g). If he is able to do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates other work exists in significant numbers in the national economy that the individual can do. Yuckert, 482 U.S. at 141-42.

**2.     The ALJ's Decision**

The ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520 and 416.920. AR 24-34. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity from the alleged onset date of January 28, 2010. AR 24. At step two, the ALJ found that plaintiff had severe impairments of status post cervical C5-C7 fusion surgery, degenerative disc disease of the lumbar spine, and degenerative disease of the thoracic spine. Id. At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1, with the ALJ specifically considering Listing

1.02 regarding major dysfunction of a joint and Listing 1.04 regarding disorders of the spine. AR 26-27. Under step four, the ALJ found that plaintiff had the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), with the following limitations: occasionally climb, balance, stoop, kneel, crouch, and crawl; avoid concentrated exposure to environmental irritants, chemicals, hazardous machinery, unprotected heights, and operational control of moving machinery; and, a sit/stand option at the discretion of the claimant to relieve back pain. AR 27-32. The ALJ also noted that plaintiff could perform past relevant work as a room reservationist and medical clerk, with the abovementioned limitations in mind. AR 32. Considering plaintiff's age, education, work experience, and RFC, under step five, the ALJ determined that plaintiff could perform other jobs that exist in significant numbers in the national economy. Id. The ALJ also noted that transferability of job skills was not material to the determination because, under a medical-vocational rules framework, plaintiff was not disabled regardless of whether she had transferable job skills. AR 32-33. Accordingly, the ALJ concluded that plaintiff was not disabled from the alleged onset date of January 28, 2010 until the date of the decision. AR 34.

**3.     Analysis**

Plaintiff seeks reversal or remand of the ALJ's decision for several reasons. First, plaintiff contends the ALJ incorrectly assessed plaintiff's RFC, which purportedly includes work as a room reservationist and medical clerk that plaintiff is incapable of performing. Second, plaintiff contends the ALJ failed to provide a "complete hypothetical" to the vocational expert at the hearing, resulting in the vocational expert's erroneous testimony regarding plaintiff's RFC. Third, plaintiff contends the ALJ erred by relying on the vocational expert's testimony and concluding plaintiff could perform "alternative work" with accommodations. Fourth, plaintiff contends the ALJ did not obtain an adequate explanation for a purported conflict between the vocational expert's testimony regarding sedentary and light occupations allowing for an at-will sit/stand option, and the Dictionary of Occupational Titles' ("DOT") classification of these jobs. Finally, plaintiff contends the ALJ erred by failing to provide legally sufficient reasons for rejecting plaintiff's testimony as "not credible" despite the absence of medical evidence supporting that conclusion.

Defendant, in opposition, argues that the ALJ's decision must be affirmed. In support, defendant first argues that the ALJ properly relied on the vocational expert's testimony in determining that plaintiff

was capable of performing her past relevant work as a room reservationist and medical clerk, with the limitation of being able to sit or stand at her discretion. See Doc. # 17 at 5 (citing AR 27-32). Defendant explains that while the ALJ initially posed a hypothetical without the sit/stand option to the vocational expert, the ALJ later corrected this omission by clarifying that the hypothetical individual must be able to sit or stand at will, along with other limitations, thereby providing the expert a complete picture of plaintiff's limitations and restrictions. Id. at 6 (citing AR 81). Defendant also points out that the ALJ specifically asked the vocational expert whether light sedentary jobs, including those as a room reservationist and medical clerk, accommodated an at will sit/stand option to which the vocational expert testified "yes." Id. Defendant then argues that in light of this evidence, along with plaintiff's failure to articulate reasons why she cannot perform her past relevant work, the ALJ properly relied on the vocational expert's testimony to conclude that plaintiff could perform such work. Id. at 7 (citing AR 32-33).

Defendant next argues that while plaintiff contends the ALJ erred by relying on the vocational expert's testimony regarding "alternative work" with accommodations, case law demonstrates that courts routinely rely on such testimonies in vocational inquiries because the focus is not on whether an employer might accommodate an impaired worker, but whether positions with the necessary accommodations are sufficiently available in the national economy for a claimant to reasonably obtain employment. See Doc. # 17 at 8-9 (citing, among others, Cantrell v. Colvin, No. 2:12-CV-01504-GMN, 2013 WL 5947808 (D. Nev. Nov. 5, 2013)). Defendant then points out that a sit/stand option, which is "frequently allowed to all employees," is different from an "accommodation" under the Americans with Disabilities Act. Id. at 10. Defendant also points out that no apparent conflict exists between the DOT and the vocational expert's testimony because the expert adequately explained how plaintiff's occupational limitations were consistent with those jobs the expert identified in the national economy. Defendant further points out that various courts have held the DOT's silence on the availability of a sit/stand option does not create a conflict. Id. at 12-15 (citing, among others, Rowland v. Colvin, No. 3:12-CV-00549-HU, 2013 WL 5530611 (D. Or. Sep. 25, 2013)). Lastly, defendant argues that the ALJ properly found plaintiff "not fully credible" because plaintiff's assertions regarding symptoms were not supported by objective medical evidence, were inconsistent with the ALJ's own observations of plaintiff at the hearing, and undermined by the

conservative and infrequent nature of treatment plaintiff received. Id. at 17-21 (citing AR 27-32). Plaintiff did not file a reply.

This Court is not persuaded by plaintiff's arguments, and agrees with defendant. The Court also finds that the ALJ carefully reviewed and weighed all relevant medical opinions, regulations, and guidelines in determining plaintiff's RFC and in rendering a final decision in plaintiff's case. Given such, this Court concludes that plaintiff fails to establish the ALJ committed reversible error.

## CONCLUSION AND RECOMMENDATION

Accordingly, **IT IS HEREBY RECOMMENDED** that plaintiff's Motion for Reversal or Remand (doc. # 16) be **denied**.

**IT IS FURTHER RECOMMENDED** that defendant's Cross-Motion to Affirm (doc. # 17) be **granted**.

## NOTICE

This Report and Recommendation is submitted to the United States District Judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this Report and Recommendation may file a written objection supported by points and authorities within fourteen days of being served with this Report and Recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the District Court's Order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: August 20, 2015

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**